Shiva Razipour, Esq.   (SBN:320849)
18321 Ventura Blvd., Suite 840
Tarzana, California 91356
Telephone (818) 996-9600
Facsimile (818) 996-1700
Srazilaw2@gmail.com

Attorneys for Defendants,
 EL POLLO LOCO, INC., SHADISHIVA INC., and SHAPOUR RAZIPOUR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI, <br><br> Plaintiff, <br><br> vs. <br><br> EL POLLO LOCO, et. al., <br><br> Defendants. | **Case No.: 8:19- cv-01488-JVS-ADS** <br><br> **DEFENDANTS EL POLLO LOCO, SHADISHIVA INC., AND SHAPOUR RAZIPOUR'S NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM, AND IMPROPER SERVICE OF PROCESS** <br><br> Date: September 23, 2019 <br> Time: 1:30 p.m. <br> Courtroom: 10C <br><br> Complaint Filed: August 1, 2019 |

TO: PLAINTIFF ADAM GHADIRI

NOTICE IS HEREBY GIVEN that on September 23, 2019, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 10C, located at 411 West 4th Street, Santa Ana, California 92701-4516, United States District Judge James V. Selna presiding, defendants El Pollo Loco, Inc., Shadishiva Inc., and Shapour Razipour ("Defendants") will appear in this action and move for an order dismissing all causes of action against all Defendants pursuant to Federal Rules of Civil Procedure, Rule 12 (b)(1), 12(b)(5), and 12(b)(6), on the grounds of lack subject matter jurisdiction, improper service of process, and failure to state a claim.

This Motion is based upon this Notice, the records and papers on file herein, the attached Memorandum of Points and Authorities, and such other matters of which this Court may take judicial notice.

Dated: August 28, 2019

By: /s/ Shiva Razipour
SHIVA RAZIPOUR
Attorneys for Defendants

Shiva Razipour, Esq.  (SBN:320849)
18321 Ventura Blvd., Suite 840
Tarzana, California 91356
Telephone (818) 996-9600
Facsimile (818) 996-1700
Srazilaw2@gmail.com

Attorneys for Defendants,
 EL POLLO LOCO, INC., SHADISHIVA INC., and SHAPOUR RAZIPOUR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EL POLLO LOCO, et. al.,<br><br>　　　　　Defendants. | **Case No.: 8:19- cv-01488-JVS-ADS**<br><br>**DEFENDANTS EL POLLO LOCO, SHADISHIVA INC., AND SHAPOUR RAZIPOUR'S NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, IMPROPER SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM,**<br><br>Date: September 23, 2019<br>Time: 1:30 p.m.<br>Courtroom: 10C<br><br>Complaint Filed: August 1, 2019 |

　　　　Defendants El Pollo Loco, Inc., Shadishiva Inc., and Shapour Razipour ("Defendants") files its Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss the Complaint filed by Plaintiff, Adam Ghadiri ("Gahdiri"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). For the reasons set forth below, Defendants respectfully move this Court for an order dismissing Ghadiri's Complaint in whole or alternatively in part.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In his Complaint, Ghadiri, who asserts he suffers from severe arthritis in his knees and back, alleges that he was unable to use the restroom facilities at the El Pollo Loco located at 2940 Pacific Coast Highway, Torrance, CA 90505. Complaint, at ¶ 7. As a result of this alleged incident, Ghadiri now brings disability claims on behalf of himself under Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53; and general negligence. Ghadiri's complaint must be dismissed in whole or alternatively in part against all Defendants pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) for lack of subject matter jurisdiction, improper service of process, and/or failure to state a claim.

## II. FACTUAL BACKGROUND

El Pollo Loco, Inc. is a Mexican food restaurant chain and franchisor that has store locations throughout the United States. Shadishiva, Inc. is a franchisee owner and operator of the El Pollo Loco restaurant located at 2940 Pacific Coast Highway, Torrance, CA 90505. Shapour Razipour is a resident of California as well as the owner and landlord of the real property located on 2940 Pacific Coast Highway, Torrance, CA 90505. Plaintiff Adam Ghadiri, on the other hand, is a serial filer of ADA complaints. Ghadiri has filed at least seventy-three (73) such complaints since August 2018. [**Exhibit A: Pacer list of Plaintiff's Complaints since August 16, 2018**]. These complaints are all nearly identical. [**Exhibits B – F: 5 Examples of Plaintiff's Numerous other ADA Complaints**].

Ghadiri claims that he is a California resident who has severe arthritis in his knees and back and has been diagnosed with spinal stenosis, neuropathy, and nerve damage. Complaint, at ¶ 1.

Ghadiri alleges that in June 2019, he visited the "El Pollo Loco [2940 Pacific Coast Highway, Torrance, CA 90505] to eat." Complaint, at ¶ 7. He further contends that, however, he was unable to use the restroom facilities, which he alleges "denied the plaintiff as a disabled person full and equal access and caused his difficulty and frustration." *Id*. More specifically, Ghadiri claims that the restroom at the premises contains the following "barriers" and/or "obstacles:" no room for someone who is handicapped to maneuver and turn around inside the restroom stall, the pathway to the restroom stall was obstructed by the urinal and trash can, the width of the door, the length of the grab bar, and the placement of the urinal. Complaint, at ¶¶ 7-8. It is important to note that the restrooms at issue have no bathroom stalls; instead, the restroom facilities at the subject El Pollo Loco are single-user bathrooms.

As a result of these alleged barriers, Ghadiri claims that Defendants have violated Title III, under which "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation; and related California state law. 42 U.S.C. § 12182.

Ghadiri personally served El Pollo Loco, Inc. and Shadishiva, Inc. on August 7, 2019, with the Summons, Complaint, Civil Cover Sheet, and Certification of Notice of Interested Parties. [**See Exhibit G: Proof Of Service**]. Ghadiri then a served Shapour Razipour by certified mail with the Summons, Complaint, Civil Cover Sheet, and Certification of Notice of Interested Parties. [**See Exhibit H: Complaint Served To Shapour Razipour**].

III.   **LEGAL ARGUMENT**

### a. Plaintiff Ghadiri's Claims Should Be Dismissed Against All Defendants Pursuant To Rule 12(B)(1) For Lack Of Standing

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). *See Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.). For a facial attack, all allegations are accepted as true. *Id*. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. *See Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Plaintiffs have the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Standing is a "threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (internal quotations and citation omitted). Defendants can challenge the plaintiff's standing through a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because a lack of standing divests the court of subject matter jurisdiction, a standing challenge can be raised at any point in the case. *See Worth v. Seldin*, 422 U.S. 490, 498 (1975). Defendants brings such a challenge now.

Two inquiries into standing that courts regularly use in ADA cases, and that are particularly applicable here, are: (1) the likelihood of future injury to the Plaintiff and (2) Plaintiff's credibility and litigation history. This Court should use both to dismiss this case.

### i. The Complaint Should Be Dismissed For Lack Of Standing Because There Is No Likelihood Of Future Injury To The Plaintiff

To establish Article III standing, Plaintiff must establish that he suffered an invasion of a legally protected interest which is concrete and particularized, and actual or imminent. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). A plaintiff's "profession of an 'inten[t]" to return to the places he had visited before is not sufficient to establish standing because "[s]uch 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Id.,* 564.

To establish standing under the ADA, Plaintiff must establish that he has (a) suffered an injury-in-fact, that (b) the injury is traceable to the defendant's actions, and that (c) the injury can be redressed by a favorable decision. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). In order to establish an injury in fact sufficient to confer standing to pursue injunctive relief, the Plaintiff must demonstrate a "real or immediate threat that the plaintiff will be wronged again-a 'likelihood of substantial and immediate irreparable injury.' " *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). In evaluating whether an ADA plaintiff has established a likelihood of future injury, courts have looked to such factors as: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant. *Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) (quoting *Arby's,* 359 F.Supp.2d 938, 947 n. 10. (C.D. Cal. 2005).

Here, Plaintiff's allegations show that he does not have legitimate plans to revisit El

Pollo Loco. Ghadiri's Tustin address is approximately 40 miles from the subject El Pollo Loco. He alleges he visited in June 2019 but does not specify the exact date of injury nor did he provide further proof that he was present on the premises at the time of the alleged injury. If Plaintiff is able to further prove that he was present on the premises at the time of the alleged injury, he only visited once and the purpose of his visit was to find potential ADA violations and sue over them. Hence, he is not likely to patronize the establishment in the future. Recognizing this evidentiary point, courts count such a lone visit against the plaintiff, creating a presumption against future injury to such a plaintiff. *See Disabled Patron of America v. City of Trenton*, No. 073165, 2008 WL 4416459 at *5 (D.N.J. Sept. 24, 2008); *see also, Molski v. Kahn Winery*, 405 F. Supp.2d 1160, 1164 (C.D. Cal. 2005). Without any possibility of future injury Plaintiff lacks standing and cannot continue to pursue his claims.

### ii. The Complaint Should Be Dismissed For Lack Of Standing Because The Plaintiff Lacks Credibility And Has Shown To Be A Serial Filer Under The ADA And Unruh Civil Rights Act

Courts typically follow a two-step process to resolve standing challenges for credibility. First, the court reviews the complaint to see of the plaintiff has asserted with reasonable specificity that he intends to visit the defendants' business again. Here, Plaintiff has technically made the allegation that he intends to "patronize this establishment again but cannot do so until the defendants remove these barriers or obstacles." Complaint, ¶ 9. However, this allegation is belied by Plaintiff's filing of seventy-three (73) other similar complaints since August 2018.

Second, the court evaluates whether the plaintiff's representations are credible in light of all the circumstances, such that there is in fact a reasonable likelihood that the plaintiff faces a "real [and] immediate" threat of repeated injury. *City of Los Angeles*, 461 U.S. at 111.

District courts have frequently dismissed ADA cases when the plaintiff offered only vague allegations and testimony about a future plan to visit the defendant's property. *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). In *Brother v. CPL Investment*, 317 F. Supp. 2d 1358, 1369 (S.D. Fla. 2004), the court dismissed the ADA suit of a serial plaintiff on standing grounds, commenting that the plaintiff's "claim that he intended to patronize the [defendant's] hotel prior to suit is not credible, nor are his claims that he intends to use the Ramada Limited in the future." Similarly, in *Brother v. Tiger Partner*, LLC, 331 F. Supp. 2d 1368, at 1374-1375 (M.D. Fla. 2004), another court dismissed an ADA claim observing that "to satisfy Article III's standing requirements, Mr. Brother has professed an intent to return to all fifty-four of the properties he has sued" – a representation that the court found "simply implausible."

     Here, plaintiff has alleged that he intends to visit the **<u>seventy-three (73)</u>** establishments he visited from this past year. [**Exhibits A-F**]. Plaintiff's vague allegation that he plans to visit the EL Pollo Loco again, if Defendants modifies the premises is implausible for an individual who suffers from daily pain and who cannot walk without utilizing a cane, walker, or wheelchair. Complaint, ¶ 1. It is also antithetical to his filing of seventy-three (73) other similar complaints within one year and claiming that he planned to revisit all of those establishments as well. [**Exhibits A-F**]; *Tiger Partner, LLC*, 331 F. Supp. 2d at 1374-1375, *Molski*, 385 F. Supp. 2d at 1046-1048 (observing that the plaintiff "has engaged in a well-established pattern of abusive [ADA] litigation," and expressing "serious doubts" about the plaintiff's professed intent to return to the defendant's restaurant, dismissing the case for lack of standing.). Plaintiff thus has no "real [and] immediate" threat of repeated injury and this case should be dismissed for lack of standing. *City of Los Angeles*, 461 U.S. at 111.

### b. Ghadiri's Claims Against Defendant Shapour Razipour Should Be Dismissed Pursuant To Rule 12(B)(5)

A motion under Rule 12(b)(5) is the proper way to challenge "the mode of delivery or the lack of delivery of the summons and complaint." 5B Wright & Miller, Federal Practice and Procedure § 1353 (footnote omitted). A court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp*, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1996).

Federal Rule of Civil Procedure 4(e) requires that service on individuals in the United States be made in one of several ways: (1) pursuant to the law of the state in which the district court is located, (2) by delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Further, California Code of Civil Procedure ("CCP") § 415.30 allows a summons to be served by mail (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender.

Here, Ghadiri served Defendant Shapour Razipour by certified mail. [*See* **Exhibit H**]. Within the envelope was a letter encouraging settlement, one copy of the Summons, and one copy of the Complaint, one copy of the Civil Cover Sheet, and one copy of the Certification and Notice of Interested Parties. *Id*. There were no other documents sent and the documents that were served to Mr. Razipour do not meet the standards of Rule 4(e) or CCP § 415.30. Specifically, Plaintiff did not meet the standard of CCP § 415.30 such that Defendant Razipour was not provided with two copes of the notice, acknowledgement, and a pre-paid self-addressed return envelope. Therefore, Ghadiri's Claims Against Defendant Shapour Razipour should be dismissed pursuant to Rule 12(B)(5).

    **c. Ghadiri's Claims Against All Defendants Should Be Dismissed Pursuant To Rule 12(B)(6)**

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do," and a plaintiff must plead more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Courts must accept as true all of the factual allegations contained in the complaint when considering a Rule 12(b)(6) motion, but they are not bound to accept all of a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

    **i. Ghadiri Has Failed To State A Claim Upon Which Relief Can Be Grated Under Title III Of The ADA**

In order to state a claim for relief under Title III, a plaintiff must allege: (1) that he or she is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation to which the plaintiff has sought access; and (3) that the defendant has failed to provide the plaintiff equal access to the goods or services provided at such place of public accommodation. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). While Ghadiri alleges that he has a disability under the ADA, he has failed to plead facts sufficient to establish the third element of his Title III claim. Ghadiri has not sufficiently pled that Defendants failed to provide him with equal access to such a place. Specifically, Ghadiri failed to describe the exact ADA violations or at least specific descriptions of the structural barriers or obstacles within the subject bathroom. Instead, Plaintiff pleads general bathroom descriptions that may or may not be ADA violations. Moreover, it is important to note that Ghadiri has repeated verbatim within his Complaint the same general ADA violations bathroom barriers in his multitude of other ADA claims filed with the Central District, thereby calling into question the validity of Ghadiri's allegations. [*See* **Ehibit H;** *See also* **Exhibit B-F**]. As a result, Ghadiri's Complaint against all Defendants must be dismissed for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

Defendants respectfully request that this Court dims all of Plaintiff's claims against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), Federal Rule of Civil Procedure 12(b)(5), and/or Federal Rule of Civil Procedure 12(b)(6).

Dated: August 28, 2019

                                                By: /s/ Shiva Razipour_____
                                                SHIVA RAZIPOUR
                                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Shiva Razipour, hereby certify that on August 28, 2019, a true and correct copy of the foregoing Notice of Motion to Dismiss and Motion To Dismiss was served on all parties of record via the Court's ECF system.

Dated: August 28, 2019

                                By: /s/ Shiva Razipour_____
                                SHIVA RAZIPOUR
                                Attorneys for Defendants